IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY D. THOMPSON, | ) | 8:08CV07 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY COURTS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| LAWRENCE - LARRY D. THOMPSON, | ) | 8:08CV28 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| LAWRENCE - LARRY D. THOMPSON, | ) | 8:08CV56 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

On November 26, 2007, the court received a submission from Mr. Larry Thompson. The Clerk of the court returned this submission to Petitioner on December

3, 2007, because: (1) the court could not ascertain what the party was requesting; (2) the submission did not indicate in which case the materials should be filed; and (3) the submission did not appear to be in the form required by Federal Rule of Civil Procedure 10 or the Local Rules of the court. In addition, the Clerk attached the Form AO241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

On January 4, 2008, Mr. Lawrence D. Thompson filed a Petition for a Writ of Habeas Corpus in case number 8:08CV07. (Filing No. 1.) He used the Form AO241 packet and attached several Supplements. Subsequently, Mr. Thompson filed two additional Petitions for Writ of Habeas Corpus, which are assigned case numbers 8:08CV28 and 8:08CV56. All three Petitions appear to be related.

The court has conducted an initial review of each Petition for Writ of Habeas Corpus and the Supplements to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Upon review, all three Petitions fail to adequately state a factual or legal basis for a claim. In fact, the majority of Petitioner's submissions are indecipherable. Two of the Petitions do not even list a respondent.

The Petitions are not sufficiently specific. Before the court can complete the initial review process, the Petitioner must amend and consolidate the Petitions. In particular, the Petitioner must clarify why his continued confinement violates a federal law or the Constitution of the United States. The court cautions the Petitioner that failure to adequately comply with this order may result in dismissal of his Petition without further notice.

IT IS THEREFORE ORDERED that:

1. The pending Petitions for Habeas Corpus are deemed insufficient and the

court will not act upon them.

    2.    On or before May 1, 2008, the Petitioner shall submit a completely new amended Petition for Writ of Habeas Corpus that is originally signed under penalty of perjury. In the amended Petition, the petitioner shall consolidate all of his Petitions in all pending cases and must clarify why his continued confinement violates a federal law or the Constitution of the United States. The petitioner is warned that the failure to comply with this order may result in dismissal of this Petition without further notice.

    3.    The Clerk of the court is directed to send to Petitioner the Form AO241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

    4.    The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: May 1, 2008: deadline for Petitioner to submit amended Petition.

March 31, 2008.        BY THE COURT:

                s/ Joseph F. Bataillon
                Chief United States District Judge